REGAN, Judge.
Plaintiffs, Virdel Gillard and his sub-rogee collision insurer, Washington Fire & Marine Insurance Company, instituted suit against the defendants, Nola Cabs, Inc. and Clarence Allen, endeavoring to recover the total amount of $223.01, representing property damage to plaintiff’s automobile, incurred in an accident with a taxicab insured by Nola Cabs, Inc., owned by Joe Williams and operated by Clarence Allen.
Defendants answered and denied that the driver’s negligence was the proximate cause of the accident, and in the alternative pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that Basin Street is a boulevard composed of two wide roadways, separated by a spacious neutral ground. The roadways afford service for ascending and descending traffic. Between St. Louis and Toulouse Streets a parking lot is located in the neutral ground area of Basin Street; a roadway analogous to what we have colloquially designated as a driveway, intersects the parking ground and is used primarily as an entrance and exit for automobiles accommodated by the parking facilities.
On July 18, 1956, at 9:25 p. m., plaintiff* Virdel Gillard, was driving downtown or *778 toward the Municipal Auditorium in Basin Street in the lane nearest the neutral ground. As plaintiff’s vehicle approached the parking area roadway, a taxicab driven by the defendant eased about three to four feet into the traffic lane in which plaintiff’s automobile was moving. Plaintiff applied his brakes but failed to stop in time or to swerve his vehicle to the right and thus avoid the collision.
As a result of the accident, the right front of the taxicab was damaged near the wheelbase and the left front of plaintiff’s •automobile bore the brunt of the impact. A skid mark 21 feet long[1] was impressed upon the roadway by the plaintiff’s car.
The litigants dispute whether the taxicab was stopped prior to the accident.
Plaintiff Gillard states that the taxicab was moving and this is corroborated to some extent by Police Officer Lucien Grandeury, who testified that taxi operator Allen told him he had been easing into Basin Street when his car was hit.
Defendant Allen, on the other hand, insisted that his vehicle was stopped when the plaintiff’s approaching automobile was 70 to 80 feet away, and denied making any statement to the investigating officer that his vehicle was moving into Basin Street when the accident occurred.
Allen’s testimony is likewise to some extent corroborated by Charles Barrett, a police officer who had parked his car in the general area and was on his way to Municipal Court, located in SOI N. Rampart Street. He testified that when the plaintiff passed him as he was standing on the curb of Basin Street, he was moving at a speed of approximately 25 miles per hour and appeared to be preoccupied by a female passenger who was sitting very close to him. He asserted that he was between SO and 75 feet removed from the situs of the accident and he believed that the cab was stopped prior to the collision.
To substantiate his freedom from fault, plaintiff points to Article VIII, Section 66, No. 18,202 C.C.S.[2] and several cases interpreting this ordinance.
On the other hand, defendants insist that the plaintiff failed to maintain a proper lookout and did not have his automobile under control, since his attention was diverted by his feminine companion. Alternatively, defendants’ counsels urge that plaintiff’s negligence contributed to the occurrence of the accident.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously believed the defendant, Allen, and his witness and concluded that plaintiff’s negligence contributed to the accident, in that he was afforded sufficient time and distance, if he had been maintaining a proper lookout, to observe the front end of the stopped taxicab projecting into the roadway, and thus avoid the collision by either stopping or swerving his vehicle to the right side of the roadway.
The question which this appeal posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing-testimony or by endeavoring to reconcile the respective litigants’ or their witnesses’ version of the manner in which the accident occurred.
*779 The trial judge’s conclusion was predicated on a reasonable probability of what actually occurred; therefore, this is obviously a case that permits of the application of the accepted doctrine that the decision of the lower court will not be disturbed or reversed, when questions of fact are exclusively encompassed by the judgment, unless clearly erroneous.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. It is interesting to note here that plaintiff testified that he first noticed the taxi- , cab emerge into the path of his vehicle when he was “20 or 21 feet” removed from the situs of the accident.

. “Upon entering or crossing a boulevard . from any street on which no traffic-control sign or signal is erected, the driver of a vehicle * * * shall proceed cautiously, yielding to vehicles which are within the intersection of approaching so closely as to constitute an immediate hazard.”